## THE PIETER DE CONICK.[1]

### HUGHES *v.* THE PIETER DE CONICK.

*(District Court, E. D. New York. June 2, 1891.)*

PERSONAL INJURY—FALL INTO HOLD OF VESSEL—USE OF TEMPORARY LADDER.
  Where libelant, a stevedore, did not make use of the fixed iron ladder belonging to a vessel in descending into her hold, but instead used a temporary wooden ladder, which broke under him, allowing him to fall into the hold, and it did not appear who placed a wooden ladder in the hatch, the ship was *held* not liable for libelant's injury.

In Admiralty. Suit to recover damages for personal injury.
*H. A. McTernan,* for libelant.
*Wing, Shoudy & Putnam,* for claimant.

BENEDICT, J. This is an action by a longshore-man to recover for personal injuries caused by falling from a ladder while going down into the hold of the steamer Pieter de Conick. The testimony shows that the libelant was employed by a regular stevedore, who had contracted to load the steamer independent of the owners or master. Access to the hold of the steamer from the deck was provided for in the construction of

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

796                                     o

the ship by a fixed iron ladder, built into the fore side of· the hatch.
At the time of the accident a wooden ladder some 20 feet long had been
put down from the deck to the hold, and the libelant, when going down
the ladder to his work in the hòld, stepped upon a rung of the ladder
which broke under him, whereby he was precipitated into the hold, and
suffered injuries, to recover for which this action is brought.    There is
no positive evidence in the case as to who put the wooden ladder down
into the hold.   In the absence of any evidence as to who placed the
wooden ladder in the hatch, and as it appears that a permanent iron
ladder was in position, fit for use, at the same time, the presumption
would seem to be that the wooden ladder was placed in the hatch by the
stevedores, who used it°to pass into the hold more easily than by the
iron ladder which had been furnished by the ship.    The ship had fur-
nished proper access to the hold by the permanent iron ladder, and she
cannot be held liable for a defective ladder, which, although owned by
the ship, does not appear to have been furnished for that purpose by any
person connected with the ship, and presumably was placed there by a
co-laborer of the libelant.    The fatal defect in the libelant's case is that
it is not made to appear that the defective ladder which caused the libel-
ant's fall was furnished by the ship, while it does appear that a safe
ladder was furnished, which the libelant declined to use.

The libel must be dismissed.    I give no costs.